UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PERRY, an individual,

       Plaintiff,

vs.                                  Case No.  1:12-cv-_____

VILLAGE OF BURR OAK, a
public body and TODD LEWIS,
an individual,

       Defendants.

William F. Piper (P38636)
William F. Piper, P.L.C.
Attorney for Plaintiff
1611 West Centre Avenue, Suite 209
Portage, MI 49024
Phone: 269.321.5008
Fax: 269.321.5009

## COMPLAINT

The plaintiff David Perry, by and through his attorney William F. Piper, PLC., for his complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1.    The plaintiff is an individual who resides in the County of St. Joseph, State of Michigan, and he resided therein at all times relevant to this complaint.

2.    The defendant Village of Burr Oak is a public body located in the County of St. Joseph, State of Michigan.

1

3. The defendant Todd Lewis was a police officer for the defendant Village of Burr Oak at all times relevant to this complaint.

4. The events complained of occurred in the County of St. Joseph, State of Michigan.

5. The events complained of were committed by the defendant Todd Lewis under cover of state law but not under a legitimate exercise of governmental authority.

6. Jurisdiction arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

7. The claims in this action against the defendants arise under 42 U.S.C. § 1983.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 -7 of this complaint.

9. In 2010 the plaintiff David Perry lived in the Village of Burr Oak.

10. In April 2010 Todd Lewis became a police officer with the Village of Burr Oak Police Department.

11. Mr. Perry had a girlfriend – Kerri Webb – whom Mr. Lewis became romantically interested.

12. In order to rid himself of a romantic rival, and obtain access to Mr. Perry's truck, the defendant Lewis talked Ms. Webb into filing a false police report against Mr. Perry that indicated falsely that he had used a gun in an assault

against Ms. Webb, and Mr. Lewis knowingly prepared a false police report regarding this.

13. As a result of the false report that Mr. Lewis prevailed upon Ms. Webb to file, and that he prepared, Mr. Perry's home and garage were searched on November 17, 2010.

14. Mr. Lewis and Ms. Webb thereafter took Mr. Perry's truck, after the Village of Burr Oak Police Chief stepped in and directed that they do so.

15. Because he no longer had transportation, Mr. Perry had to quit his job.

16. Michigan State Police thereafter, based on Mr. Lewis' false police report, gave Mr. Perry the option of taking a polygraph test or being arrested.

17. Mr. Perry thereafter took polygraph tests with the Michigan State Police, which he passed.

18. In late December 2010 Mr. Lewis began harassing Mr. Perry by acts including, but not limited to, as follows:

    A. Calling him on the telephone and threatening his life;

    B. Parking in Mr. Perry's driveway with his squad car;

    C. Threatening to arrest Mr. Perry;

    D. Following and chasing Mr. Perry in his squad car.

19. Mr. Perry filed a complaint with the Burr Oak Police Department about the harassment by Todd Lewis referenced above.

20. The Village of Burr Oak disregarded the complaint of harassment by Mr. Perry.

21. On or about January 13, 2011 the Michigan State Police prevented Mr. Lewis from leaving his jurisdiction to harass Mr. Perry.

22. On January 25, 2011 Todd Lewis and a friend of Todd Lewis called Mr. Perry and threatened to kill him.

23. On January 26, 2011 Todd Lewis again threatened to kill Mr. Perry.

24. The defendant Lewis continued to threaten and harass Mr. Perry thereafter, including telling Mr. Perry that he had had sex with Ms. Wells in Mr. Perry's truck.

25. On or about February 26, 2011 Kerri Webb confessed to filing a false police report against Mr. Perry at the behest of the defendant Todd Lewis in order to have Mr. Perry arrested and his home, garage and car searched.

26. In February 2011, because he could no longer make the payments, Mr. Perry lost his house.

27. Mr. Perry was exonerated of the felony complaints arising out of the November 17, 2010 incident.

28. Mr. Lewis eventually pleaded guilty to obstruction of justice and an offense relating to his operating his patrol vehicle and crashing it on duty, and, possibly, other charges, upon information and belief.

29. As a result of the events set forth above, the plaintiff David Perry suffered financial losses including a loss of income, a loss of his car and his house, anxiety, severe emotional distress, a loss of enjoyment of life, and other damages.

## COUNT I – 42 U.S.C. § 1983 – UNLAWFUL SEIZURES AND SEARCHES WITHOUT PROBABLE CAUSE AND EQUAL PROTECTION VIOLATIONS

30. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 29 of this complaint.

31. It is clearly established that a public officer cannot fabricate a police report in order to establish ostensible probable cause to arrest an individual and search his home, garage and car when no probable cause in fact existed without violating the Fourth and Fourteenth Amendments to the Constitution of the United States.

32. It is also clearly established under the Fourth and Fourteenth Amendments to the Constitution of the United States that a public employee cannot arrest a private citizen without probable cause to do so, nor can he search his home, garage and car without probable cause to do so.

33. By acting as described above, the defendant Lewis committed or caused to be committed unconstitutional seizures and searches against the plaintiff David Perry.

34. It is also clearly established that a public employee cannot maliciously harass a private citizen under color of state law out of personal animosity and hatred, because it lacks a rational basis, and it violates the Equal Protection clause of the Fourteenth Amendment to the Constitution of the United States.

35. The false police report and harassment of Mr. Perry by Todd Lewis described above violated Mr. Perry's equal protection rights.

36.     The defendant Lewis could not reasonably have believed that his actions described above were within the constitutional limits on the exercise of his authority under the Fourth and Fourteenth Amendments to the Constitution of the United States.

37.     The acts of the defendant Lewis described above violated the clearly established rights of the plaintiff to be free from the unconstitutional conduct described above.

38.     As a result of the unconstitutional conduct described above, the plaintiff suffered the damages set forth above.

39.     These claims are actionable under 42 U.S.C. § 1983.

WHEREFORE, the plaintiff David Perry requests a judgment against the defendant Todd Lewis for whatever amount is sufficient to compensate him for his injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorney's fees under 42 U.S.C. § 1988, and any other relief this court deems fair and just.

### COUNT II – 42 U.S.C. § 1983
### VIOLATIONS BY VILLAGE OF BURR OAK

40.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 39 of this complaint.

41.     The actions of the individual defendant suggests a fundamental lack of training regarding the constitutional rights of the plaintiff described above.

42.     The lack of training caused many or all of the constitutional violations described above.

43. The defendant Village of Burr Oak had knowledge of the improper activities of Todd Lewis, but it ignored, participated in, or ratified them, or any combination of the above, and the police chief stepped in and gave Mr. Perry's truck to Ms. Webb and Mr. Lewis.

44. As a result of the conduct described above, the plaintiff suffered the damages described above.

45. This claim is actionable under 42 U.S.C. § 1983.

WHEREFORE, the plaintiff requests a judgment against the Village of Burr Oak for whatever amount is sufficient to compensate him for his injuries and damages past and future, plus all reasonable interest, costs, attorney's fees under 42 U.S.C. § 1988, and any other relief this court deems fair and just.

## COUNT III – INTENTIONAL TORTS – DEFENDANT LEWIS

46. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 45 of this complaint.

47. The acts of the defendant Todd Lewis described above were outrageous and constitute a false imprisonment, trespass, conversion and intentional infliction of emotional distress.

48. As a result of the unlawful actions described above, the plaintiff suffered the damages set forth above, including severe emotional distress.

WHEREFORE, the plaintiff David Perry requests a judgment against Todd Lewis for whatever amount is sufficient to compensate him for his injuries and

damages past and future, plus all recoverable interest, costs, attorney's fees and any other relief this court deems fair and just.

Dated: November 16, 2012                    WILLIAM F. PIPER, PLC.
                                            Attorney for Plaintiff


                                            By:   /s/ William F. Piper
                                                  William F. Piper (P38636)